FILED
2021 Nov-29 PM 06:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CASSAUNDRA HUMBER,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. HEALTH AND WELFARE BENEFIT PLAN,<br><br>Defendants. | ) | Case No. 2:21-CV-01420-AMM |

# DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant The Lincoln National Life Insurance Company ("Lincoln") answers the Complaint filed by Plaintiff Cassaundra Humber ("Plaintiff") and Lincoln files a counterclaim through its undersigned counsel and alleges as follows:

## FOR A FIRST DEFENSE

## PARTIES

1. Regarding the allegations contained in Paragraph 1 of the Complaint, Lincoln admits that it issued Group Disability Income Policy No. GF3-860-

066619-01 (the "Policy"), to Toyota Engineering & Manufacturing North America, Inc. ("Toyota"), which Policy, at certain times, insured benefits from the Toyota Engineering & Manufacturing North America, Inc. Long Term Disability Plan (the "LTD Plan") sponsored by Toyota. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that the LTD Plan and Plaintiff's claim for benefits from the LTD Plan under the Policy are governed by ERISA. Lincoln admits that, at certain times, Plaintiff was employed by Toyota and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Regarding the allegations contained in Paragraph 2 of the Complaint, Lincoln admits that it was the claim administrator for Plaintiff's claims for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is lawfully authorized to do business in Alabama. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Regarding the allegations contained in Paragraph 3 of the Complaint, to the extent that these allegations pertain to Defendant Toyota Engineering &

Manufacturing North America, Inc. ("Toyota"), Lincoln is not required to respond. To the extent a response is required, Lincoln admits that Toyota sponsored the LTD Plan to provide benefits to certain of its employees and that Toyota was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Regarding the allegations contained in Paragraph 4 of the Complaint, Lincoln admits that it issued the Policy to Toyota, which Policy, at certain times, insured benefits from the LTD Plan. Lincoln admits that the LTD Plan and Plaintiff's claim for benefits from the LTD Plan are governed by ERISA. Lincoln admits that it was the claim administrator for Plaintiff's claim for benefits from the LTD Plan that is the subject of the above-styled action. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Regarding the allegations of Paragraph 5 of the Complaint, Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court under 28 U.S.C. § 1331. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that venue of this action is proper in this Court.

Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## INTRODUCTION

6. Regarding the allegations of Paragraph 6 of the Complaint, to the extent that Paragraph 6 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

## STATEMENT OF FACTS

7. Regarding the allegations contained in Paragraph 7 of the Complaint, Lincoln admits Plaintiff was, at certain times, a participant in the LTD Plan sponsored by Toyota to provide long term disability benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Regarding the allegations of Paragraph 8 of the Complaint, Lincoln admits Plaintiff was, at certain times, employed by Toyota as a production team member, and that Plaintiff's last day of work at Toyota was April 8, 2016. Lincoln admits that documentation concerning Plaintiff's age and date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers

to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Regarding the allegations of Paragraph 9 of the Complaint, Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Regarding the allegations of Paragraph 10 of the Complaint, Lincoln admits Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Lincoln admits that it sent a letter dated March 28, 2020, to Plaintiff and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Regarding the allegations of Paragraph 11 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated September 24, 2020,

appealing the denial of further benefits from the LTD Plan under the Policy, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Regarding the allegations of Paragraph 12 of the Complaint, Lincoln admits that it sent a letter dated April 15, 2021, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Regarding the allegations of Paragraph 13 of the Complaint, Lincoln admits that it sent a letter dated March 28, 2020, to Plaintiff and a letter dated April 15, 2021, to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Regarding the allegations of Paragraph 14 of the Complaint, Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that

physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Regarding the allegations of Paragraph 15 of the Complaint, Lincoln admits that it sent letters dated September 19, 2019, and April 1, 2020, to Plaintiff, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln further admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Regarding the allegations of Paragraph 16 of the Complaint, Lincoln denies these allegations.

17. Regarding the allegations of Paragraph 17 of the Complaint, to the extent that this Paragraph seeks to interpret either the Policy or other documents relevant to the LTD Plan under the Policy, Lincoln refers to the Policy and the

documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Regarding the allegations of Paragraph 18 of the Complaint, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Regarding the allegations of Paragraph 19 of the Complaint, to the extent that this Paragraph seeks to interpret either the Policy or other documents relevant to the LTD Plan under the Policy, Lincoln refers to the Policy and the documents themselves as the best evidence of their contents. To the extent that Paragraph 19 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Regarding the allegations contained in Paragraph 20 of the Complaint, Lincoln admits that it was the claim administrator for Plaintiff's claims for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln admits that it issued the Policy to Toyota, which, at certain times, insured benefits paid by the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Regarding the allegations contained in Paragraph 21 of the Complaint, Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Regarding the allegations of Paragraph 22 of the Complaint. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Regarding the allegations of Paragraph 23 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits certain documents concerning Plaintiff's claim for benefits from the Social

Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents . Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Regarding the allegations of Paragraph 24 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Regarding the allegations of Paragraph 25 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Regarding the allegations of Paragraph 26 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in in the administrative record upon which Plaintiff's claim for benefits

from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Regarding the allegations of Paragraph 27 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Regarding the allegations of Paragraph 28 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Regarding the allegations of Paragraph 29 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that it sent a letter dated April 15, 2021, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Regarding the allegations of Paragraph 30 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Regarding the allegations of Paragraph 31 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon

which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Regarding the allegations of Paragraph 32 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Regarding the allegations of Paragraph 33 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Regarding the allegations of Paragraph 34 of the Complaint, Lincoln admits that it sent a letter dated March 28, 2020, to Plaintiff and a letter dated April 15, 2021, to Plaintiff's counsel and Lincoln refers to the letters themselves as

the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Regarding the allegations of Paragraph 35 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Regarding the allegations of Paragraph 36 of the Complaint, Lincoln denies these allegations.

37. Regarding the allegations of Paragraph 37 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Regarding the allegations of Paragraph 38 of the Complaint, Lincoln denies these allegations.

39. Regarding the allegations of Paragraph 39 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Regarding the allegations of Paragraph 40 of the Complaint, Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Regarding the allegations of Paragraph 41 of the Complaint, Lincoln admits that it sent a letter dated March 28, 2020, to Plaintiff and a letter dated April 15, 2021, to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

## CAUSES OF ACTION

### COUNT One:
### ERISA (Claim for Benefits Owed under Plan

42. Regarding the allegations of Paragraph 42 of the Complaint, Lincoln incorporates its responses to Paragraphs 1-41 by reference as if fully set forth herein.

43. Regarding the allegations of Paragraph 43 of the Complaint, Lincoln admits Plaintiff was, at certain times, a participant in the LTD Plan sponsored by Toyota to provide long term disability benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Regarding the allegations of Paragraph 44 of the Complaint, Lincoln denies these allegations. No response is required to the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies all allegations contained in the WHEREFORE Paragraph under the Prayer for Relief of the Complaint and Paragraphs 1-8 thereunder and denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

Unless specifically admitted herein, Lincoln denies each and every allegation of the Complaint.

## FOR A SECOND DEFENSE

45. To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to LTD benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

## FOR A THIRD DEFENSE

46. The claim and appeal determinations in this matter were reasonable and were not arbitrary and capricious or an abuse of discretion under ERISA.

## FOR A FOURTH DEFENSE

47. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

## FOR A FIFTH DEFENSE

48. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the document governing the long term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's own or Plaintiff's dependent(s)'s behalf.

## FOR A SIXTH DEFENSE

49. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

## FOR A SEVENTH DEFENSE

50. Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

## FOR AN EIGHTH DEFENSE

51. Plaintiff's claim against Lincoln is barred because she failed to file this action within the applicable legal and/or contractual statute of limitations period.

## FOR A NINTH DEFENSE

52. Lincoln reserves the right to assert additional defenses.

## COUNTERCLAIM

1. In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan. Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security

Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the LTD Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the LTD Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

WHEREFORE, Lincoln prays that the Court enter judgment that Plaintiff recovers nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted,

s/ *Iwana Rademaekers*
Iwana Rademaekers
(Admitted *Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

AND

MATTHEW W. ROBINETT
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

ATTORNEYS FOR DEFENDANT
THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of November 2021, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

Amanda Stansberry-Johns (ASB-7793-M64S)
Email: amanda@stansberrylaw.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers