FILED
2021 Dec-10 PM 01:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CASSAUNDRA HUMBER,** | ) | |
| | ) | |
| **Plaintiff/Counter Defendant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 2:21-CV-1420-AMM** |
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant/Counter Claimant.** | ) | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

Comes now the Plaintiff Cassaundra Humber, and hereby files her Answer to Lincoln National Life Insurance Company's Counterclaim as follows:

**COUNTERCLAIM ¶ 1**: In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan. Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document

governing the LTD Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the LTD Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C § 1132(a)(1)(B).

**ANSWER:** Plaintiff/Counter Defendant admits she was awarded Social Security Disability benefits. Plaintiff/Counter Defendant denies each and every remaining allegation of this paragraph as any amounts allegedly owed are more than offset by past and future benefits Defendant improperly denied. The terms of the plan speak for themselves. Plaintiff/Counter Defendant specifically denies Defendant's interpretation of the Plan and that Ms. Humber has wrongfully and unjustly retained an overpayment. Plaintiff/Counter Defendant further denies that Lincoln is entitled to attorneys' fees or costs as any amounts allegedly owed are more than offset by past and future benefits Defendant improperly denied.

**COUNTERCLAIM ¶ 2:** WHEREFORE, Lincoln prays that the Court enter judgment that Plaintiff recovers nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs

pursuant to 29 U.S.C § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

**<u>ANSWER:</u>** Plaintiff/Counter Defendant prays that Defendant/Counter Plaintiff take nothing by its Counterclaim.

## ADDITIONAL DEFENSES

Comes now Plaintiff/Counter Defendant, by counsel, and for Additional Defenses to Defendant's Counterclaim, alleges and states as follows:

1. Defendant's Counterclaim, in whole or in part, fails to state a claim upon which relief may be granted.

2. It would be inequitable and unfair to allow Lincoln to improperly deny benefits and then seek repayment for an alleged overpayment.

3. Any amounts allegedly owed for an overpayment have been offset by improperly denied benefits.

4. Plaintiff/Counter Defendant pleads laches, estoppel, and accord and satisfaction.

5. Lincoln should be required to consider the underlying findings of the Social Security Administration when an offset due to a favorable Social Security award is claimed.

6. The Court should reform the Plan to require Lincoln to consider and give great weight to Plaintiff's Social Security evidence.

7. Plaintiff is entitled to remand to the Plan administrator for consideration of the Social Security evidence.

8. Defendant is guilty of unclean hands.

Respectfully Submitted,

_*/s/ Amanda Stansberry*_________________
Amanda Stansberry
STANSBERRY LAW, LLC
3535 Grandview Parkway, Suite 310
Birmingham, AL 35243
Phone: 205-383-7996
Fax: 833-583-4359
amanda@stansberrylaw.com

*Counsel for Plaintiff Cassaundra Humber*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of December 2021, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

Iwana Rademaekers
Law Office of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75252
iwana@rademakerslaw.com

Matthew W. Robinett
Norman, Wood, Kendrick & Turner
Ridge Park Place, Suite 3000
1130 22nd Street South

Birmingham, AL  35205
mrobinett@nwkt.com

_*/s/ Amanda Stansberry*_________________
Amanda Stansberry