FILED
2021 Dec-17 PM 12:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CASSAUNDRA HUMBER, | ) | |
| | ) | |
| Plaintiff/Counter Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 2:21-CV-01420-AMM |
| LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant/Counter Claimant. | ) | |

# REPORT OF PARTIES' PLANNING MEETING

1. **Synopsis of the Case and General Claims/Defenses**. The general claims and defenses of the parties are as follows:

a. Plaintiff was a participant in an ERISA-governed welfare benefit plan established and maintained by her employer, Toyota Engineering & Manufacturing North America, Inc., to provide long-term disability benefits to eligible employees. Said plan was funded by a policy of insurance issued by Defendant, The Lincoln National Life Insurance Company. Plaintiff filed a claim for disability benefits under the insurance policy and was initially granted benefits. Plaintiff alleges that termination of her claim for benefits was wrongful and in contravention of the terms of the plan. Accordingly, Plaintiff seeks the recovery of benefits due under the policy plus interest, costs, and attorneys' fees. Plaintiff also seeks any such other further or different relief as may be just and proper under 29 U.S.C. §1132(a)(1)(B) and 29 U.S.C. §1132(g).

b. Defendant denies the general allegations of Plaintiff's Complaint and, in response, states that Defendant properly adjudicated Plaintiff's claim for long-term disability benefits pursuant to the terms and conditions of the applicable Plan documents.

Specifically, Defendant contends that its consideration of the relevant medical information, among other evidence, revealed that Plaintiff did not meet the Plan's definition of disability. Defendant also states that its claims decision was in accordance with the Plan's provisions, legally correct, and neither arbitrary nor capricious. Defendant has filed a counterclaim to recover the benefit overpayment that resulted when Ms. Humber received a retroactive award of disability benefits from the Social Security Administration.

2. Pursuant to Fed. R. Civ. P. 26(f), a conference was held on December 15, 2021, and was attended by Amanda Stansberry on behalf of Plaintiff Cassaundra Humber ("Plaintiff"), and Iwana Rademaekers on behalf of Defendant Lincoln National Life Insurance Company ("Defendant").

3. **Initial Disclosures**. Defendant has already produced to Plaintiff a copy of the ERISA administrative record with Defendant's Initial Disclosures. The parties agree that this production will satisfy the requirement for Initial Disclosures pursuant to FRCP 26(a)(1)(B).

4. **Discovery Plan.[1] The parties propose this discovery plan**:

a. In the event the Court determines that Plaintiff is entitled to discovery in addition to the evidence in the administrative record at the time the

[1] Plaintiff's position: In accordance with the United States Supreme Court's decision in Metro. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008), Plaintiff is entitled to limited discovery regarding any conflict of interest Defendant operates under as well as limited discovery regarding bias and structural conflict. Plaintiff expects this discovery could be completed solely through interrogatories and/or document requests, unless something unusual is discovered that might necessitate a deposition.

Defendant's position is that because the "arbitrary and capricious" standard is appropriate in this case, discovery should be primarily limited at this time to the administrative record relevant to the Plaintiff's claim for benefits unless there is need for a tiebreaker, in which case limited conflict of interest discovery may be appropriate.

benefit determination(s) was made and the plan documents themselves, discovery will be needed on the following subjects:

(i.) All factual allegations and claims made by Plaintiff in her Complaint;

(ii.) All damages claimed by Plaintiff in this matter;

(iii.) All defenses raised by Defendant in this matter; and

(iv.) Conflict of interest and bias issues.

b. All discovery commenced in time to be completed by **October 1, 2022**.

c. Maximum of **25** interrogatories by each party to any other party without prior approval of the Court. Maximum of **25** requests for production by each party to any other party without prior approval of the Court. Maximum **25** requests for admission by each party to any other party without prior approval of the Court. (Responses due **30** days after service).

d. Maximum **20** requests for admission by each party to any other party without prior approval of the Court. (Responses due **30** days after service).

e. Maximum of **5** depositions by Plaintiff and **5** by Defendant without prior approval of the Court.

f. Each deposition shall be limited to 8 hours.

g. Reports from retained experts under Rule 26(a)(2) due:

(i.) from **Plaintiff** by **July 21, 2022.**

(ii.) from **Defendant** by **August 4, 2022.**

h. Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

5. **Other items.**

a. The parties do not request a conference with the Court prior to entry of the Scheduling Order.

b. The parties should be allowed until **February 14, 2022** to join additional parties and to amend the pleadings and until **February 28, 2022** to respond to any above-mentioned amendments.

c. All potentially dispositive motions should be filed by **October 7, 2022.**

d. The parties are receptive to mediation but do not request Court ordered mediation at this time. The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties engage in discovery.

e. The Parties request a final pretrial conference on or after **October 2022.**

f. The case should be ready for a non-jury trial by **November 2022** and at this time is expected to take approximately **1-2 days**.

g. An agreement by all parties could not be reached regarding consent to final dispositive jurisdiction by a magistrate judge.

Respectfully Submitted: December 17, 2021

*/s/ Amanda Stansberry*
Amanda Stansberry (ASB-7793-M64S)
Attorney for Plaintiff
STANSBERRY LAW, LLC
3535 Grandview Parkway, Ste 310
Birmingham, Alabama 35243
Telephone: (205) 383-7996
Facsimile: (833) 583-4357
Email: amanda@stansberrylaw.com

AND

s/ *Iwana Rademaekers*
Iwana Rademaekers, Esq.
(Admitted *Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000

1130 22nd Street South
Birmingham, AL  35205
Telephone: (205) 328-6643
Facsimile:   (205) 251-5479
Email: mrobinett@nwkt.com