UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CASSAUNDRA HUMBER, ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | |
| v. ) | Case No.: 2:21-cv-1420-AMM |
| ) | |
| THE LINCOLN NATIONAL ) | |
| LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant/Counter Claimant. ) | |

# ORDER

The court's independent review of Defendant/Counter Claimant The Lincoln National Life Insurance Company's ("Lincoln National") Counterclaim reveals that it is an impermissible shotgun pleading. *See* Doc. 8 at 18–19. The court **STRIKES** the counterclaim and **ORDERS** Lincoln National to replead in conformity with Federal Rules of Civil Procedure 8(a)(2) and 10(b), as well as the Eleventh Circuit's instructions about properly pleading a complaint.

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." A purpose of Rules 8(a)(2) and 10(b) is to allow the court

to determine "which facts support which claims." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal quotation marks omitted). The Eleventh Circuit has explained that pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Id.*; *see also Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

Shotgun pleadings fall into "four rough types or categories." *Weiland*, 792 F.3d at 1321. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is one that does "not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23. And the fourth category of complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

The Eleventh Circuit has repeatedly and vehemently condemned shotgun pleadings. *See Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020); *see also Weiland*, 792 F.3d at 1321. It strongly encourages "a district court that receives a shotgun pleading [to] strike it and instruct counsel to replead the

case—even if the other party does not move the court to strike the pleading." *Est. of Bass*, 947 F.3d at 1358.

Lincoln National's counterclaim is an impermissible shotgun pleading of the third category because it does "not separat[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–23. In a single paragraph, Lincoln National asserts "a breach of contract counterclaim[,] . . . seeks a constructive trust and other equitable relief[, and] . . . seeks recovery . . . based on unjust enrichment." Doc. 8 at 18–19.

If Lincoln National files an amended counterclaim, it may not state multiple claims within each count. *Weiland*, 792 F.3d at 1322–23. Lincoln National's amended counterclaim must state in a separate count each discrete claim of breach of contract, constructive trust, and unjust enrichment. *See id.* Each count must identify the particular factual allegations that support it. Claims based on different transactions or occurrences of factual allegations may not be lumped together.

The Eleventh Circuit has held that it "will not adopt a rule requiring district courts to endure endless shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1297 (11th Cir. 2018). The rule in this Circuit is that a district court "could not have abused its discretion in dismissing [a complaint] on shotgun pleading grounds" when the court *sua sponte* gave plaintiff "a chance to replead and remedy his shotgun pleading issues, and provided him with a veritable instruction manual

3

on how to do so . . . [but plaintiff still] did not fix the problem." *Id.* at 1296; *Barmapov*, 986 F.3d at 1326 (affirming a district court's dismissal with prejudice when district court gave plaintiff who was represented by counsel one chance to correct shotgun pleading and plaintiff failed to do so).

Accordingly, the court **STRIKES** the counterclaim and **ORDERS** Lincoln National to replead on or before **JANUARY 13, 2022**, in conformity with Rules 8(a)(2) and 10(b) and the Eleventh Circuit's instructions about properly pleading a complaint. *See, e.g.*, *Weiland*, 792 F.3d at 1320-23.

**DONE** and **ORDERED** this 3rd day of January, 2022.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE