FILED
2022 Jan-13 AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CASSAUNDRA HUMBER,<br><br>Plaintiff/Counter Defendant,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant/Counter Claimant. | ) | Case No. 2:21-CV-01420-AMM |

**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S AMENDED COUNTERCLAIM**

Pursuant to the Court's Order entered on 1/3/2022, Defendant/Counter Claimant The Lincoln National Life Insurance Company ("Lincoln") hereby sues Plaintiff/Counter Defendant Cassaundra Humber ("Humber"), and for its Amended Counterclaim alleges as follows:

## JURISDICTION

1. Lincoln is a corporation organized and existing under the laws of the State of Indiana.

2. This action arises under the provisions of the Employee Retirement Income Security Act of 1974 ('ERISA"), 29 U.S.C. § 1001, et seq., as this matter arises from an ERISA regulated welfare plan. This matter thus raises a federal

question, and this Court has jurisdiction over the parties and subject matter of this Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. In addition, this Counterclaim arises from the same transactions at issue in Humber's Complaint in this action, which Complaint is brought pursuant to ERISA. The Court thus has jurisdiction over this Amended Counterclaim pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Northern District of Alabama, Southern Division because by suing in this district on her Complaint, Humber has consented to jurisdiction in the Northern District of Alabama, Southern Division and thus maybe found there for purposes of ERISA's venue provision, 29 U.S.C. § 1132(e)(2).

## FACTS

### A. The LTD Policy

5. Humber was a participant in the Toyota Engineering & Manufacturing North America, Inc. Long Term Disability Plan (the "LTD Plan") sponsored by Toyota Engineering & Manufacturing North America, Inc. ("Toyota") to provide long term disability ("LTD") benefits to certain of its employees. The LTD Plan is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA. Benefits under the LTD Plan are funded by

Group Disability Income Policy No. GF3-860-066619-01 (the "LTD Policy"), issued by Lincoln[1] to Toyota (copy attached as Exhibit "A" to Plaintiff's Complaint, Doc. 1).

6. Lincoln is the claims administrator of the claims under the LTD Plan and was responsible for determining whether Humber's claim for LTD benefits should be paid. Lincoln is thus a fiduciary to the LTD Plan for that purpose within the meaning of Section 3(21) of ERISA and is the proper party in interest to bring this counterclaim.

7. The LTD Policy provides that any benefits due to Humber under the LTD Policy would be reduced by any Other Income Benefits, including monies she received from the Social Security Administration for the same disability. The LTD Policy provides that Other Income Benefits will be offset in determining the Insured's Monthly Benefit:

> **Estimation of Benefits**
>
> Liberty will reduce the Covered Person's Disability or Partial Disability benefits by the amount of Other Income Benefits that we estimate are payable to the Covered Person and his dependents.
>
> The Covered Person's Disability benefit will not be reduced by the estimated amount of Other Income Benefits if the Covered Person:

---

[1] The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant group long term disability insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company.

1. provides satisfactory proof of application for Other Income Benefits;

2. signs a reimbursement agreement under which, in part, the Covered Person agrees to repay Liberty for any overpayment resulting from the award or receipt of Other Income Benefits;

3. if applicable, provides satisfactory proof that all appeals for Other Income Benefits have been made on a timely basis to the highest administrative level unless Liberty determines that further appeals are not likely to succeed; and

4. if applicable, submits satisfactory proof that Other Income Benefits have been denied at the highest administrative level unless Liberty determines that further appeals are not likely to succeed.

*See* Policy, Exhibit "A" to Plaintiff's Complaint (Doc. 1)

8. The LTD Policy also provides that Lincoln is entitled to repayment or reimbursement of any overpayment made to Humber as a result of her receipt of Other Income Benefits:

**Right of Recovery**

Liberty has the right to recover any overpayment of benefits caused by, but not limited to, the following:

1. fraud;
2. any error made by Liberty in processing a claim; or
3. the Covered Person's receipt of any Other Income Benefits.

Liberty may recover an overpayment by, but not limited to, the following:

1. requesting a lump sum payment of the overpaid amount;
2. reducing any benefits payable under this policy;

3. taking any appropriate collection activity available including any legal action needed; and
4. placing a lien, if not prohibited by law, in the amount of the overpayment on the proceeds of any Other Income Benefits, whether on a periodic or lump sum basis.

It is required that full reimbursement be made to Liberty.

*See* Policy, Exhibit “A” to Plaintiff’s Complaint (Doc. 1)

B. **Overpayment Due to Social Security Award**

10. After satisfaction of the LTD Policy’s elimination period, Humber became entitled to LTD benefits under the terms of the LTD Policy and began receiving disability benefits from Lincoln under the LTD Policy effective October 10, 2016.

11. While receiving unreduced, full disability benefits from Lincoln under the LTD Policy, Humber submitted a claim with the Social Security Administration for disability benefits.

12. Humber completed Social Security/Reimbursement Agreements (*See* Exhibit A attached hereto) on August 24, 2017 (Lincoln/Humber 1581), October 12, 2018 (Lincoln/Humber 1245) and on January 30, 2020 (Lincoln/Humber 0654), recognizing Lincoln's right to reimbursement of any overpayment of benefits resulting from Humber’s receipt of full unreduced disability benefits under the LTD Policy and her subsequent recovery of Other

Income Benefits in the form of an award of retroactive and ongoing Social Security Disability Benefits.

13. Humber received and accepted unreduced benefits under the LTD Policy from Lincoln while her disability benefit application was pending with the Social Security Administration.

14. Lincoln paid Humber unreduced, full disability benefits under the LTD Policy from October 10, 2016, through March 27, 2020.

15. During the life of her claim for benefits under the LTD Plan, Lincoln learned that on March 3, 2019, Humber was awarded retroactive Social Security Disability ("SSD") benefits for her disability beginning October 2016, in the amount of $1,139 per month. As a result of the total amount of retroactive SSD benefits received by Humber, there was an overpayment of LTD benefits by Lincoln under the LTD Policy. For the time period at issue, the overpayment of benefits resulting from Humber's receipt of unreduced LTD benefits and SSD benefits for the same time period was approximately $30,584.80 (the "Overpayment").

16. As a result of receiving SSD benefits, Humber had received the Overpayment of benefits and Humber is obligated to repay Lincoln.

17. On March 8, 2019, Lincoln made a demand to Humber to repay Lincoln the Overpayment created by her receipt of the retroactive SSD benefits

for the period of time that Lincoln paid Plaintiff LTD benefits under the LTD Policy.

18. At the request of Humber, Lincoln agreed to the following repayment arrangement:

> **Partial Benefit Reduction**
>
> LFG will withhold a portion of your monthly disability benefit payment in the amount of $500.00 and apply towards the overpayment balance until paid in full. This will begin with your next monthly benefit payment scheduled to issue on August 2, 2019.
>
> **Full Repayment if Disability Benefit Ceases**
>
> If your disability benefit eligibility ends prior to full overpayment recovery, you will need to remit a monthly payment or provide full reimbursement of the overpayment balance by personal check, a cashier's check, or money order. The full reimbursement will be due within 10 business days from the date your claim closes.
>
> **No Referral To Outside Collection Agencies**
>
> LFG will not refer the management of this overpayment to an outside collection agency so long as you meet the terms and conditions of this agreement and repayment arrangement.

19. Pursuant to this arrangement between Lincoln and Humber, in order to recover the Overpayment, Lincoln reduced the monthly payment amount of Humber's LTD benefits while Humber was receiving benefits from the LTD Plan. However, after Humber's benefits under the LTD Plan were terminated and Humber was obligated to remit a monthly payment or provide full reimbursement

of the remaining overpayment, Humber failed to do so, leaving an overpayment balance owed of $26,617.00. (the "Overpayment Balance").

20. Despite demand by Lincoln, Humber has failed to repay Lincoln the Overpayment Balance created by her receipt of the retroactive SSD benefits for the period of time that Lincoln paid Plaintiff LTD benefits under the LTD Policy.

21. Humber commenced an action in this Court against Lincoln on or about October 22, 2021, seeking additional, continued benefits after March 27, 2020, the date through which Lincoln paid benefits to Humber under the LTD Policy.

22. Humber's receipt of the SSD benefits from the Social Security Administration, which are "Other Income Benefits" as defined by the LTD Policy, after receiving unreduced benefits from Lincoln, resulted in the Overpayment Balance owed to Lincoln in the amount of $26,617.00 ($30,584.80 Overpayment, less amounts recovered by Lincoln during the life of Humber's claim for benefits under the LTD Plan).

23. All conditions precedent to the filing of this counterclaim have been performed or have been waived.

## CAUSES OF ACTION

### COUNT ONE
***Claim for Enforcement of Plan Provisions and Reimbursement Agreement***

24. Humber is bound by the terms of the LTD Policy which were in effect at all times material to this action and the Social Security/Reimbursement Agreements (Exhibit A hereto) she signed on August 24, 2017 (Lincoln/Humber 1581), October 12, 2018 (Lincoln/Humber 1245) and on January 30, 2020 (Lincoln/Humber 0654).

25. Under the terms of the LTD Policy and the Reimbursement Agreements, Humber is not entitled to retain the Overpayment that she received.

26. At all times material to this action, Humber was aware that Lincoln intended to pursue its rights to recover the Overpayment and Humber signed the Reimbursement Agreements, thus acknowledging Lincoln's rights.

27. Humber has failed to reimburse Lincoln for the entire Overpayment Balance.

28. As a result of Humber's failure to reimburse Lincoln for the monies paid, Humber is indebted to Lincoln in the amount of at least $26,617.00 and Lincoln has been forced to expend further sums to bring this action.

29. Lincoln is entitled to reimbursement from Humber for the benefits that were overpaid under the LTD Policy in the amount of at least $26,617.00.

**COUNT TWO**
***Claim for Equitable Lien or Constructive Trust***

30. The LTD Policy, including but not limited to the Right of Recovery provision, and the Reimbursement Agreement identify a particular fund, which is distinct from Humber's general assets, against which Lincoln has a lien and from which Lincoln may recover the Overpayment.

31. When Humber received SSD benefits resulting in the Overpayment, that portion of the Social Security award was the subject of an equitable lien by agreement and by the terms of the LTD Policy. Humber acknowledged Lincoln's right to recovery of the Overpayment by signing the Reimbursement Agreements and thereafter accepting unreduced LTD benefits from Lincoln.

32. Despite the obligation imposed by the LTD Policy and the Reimbursement Agreements, Humber has not reimbursed Lincoln for the full amount of the Overpayment.

33. Humber's retention of the Overpayment violates established principles of fairness and equity.

34. The entire amount of the Overpayment Balance is money belonging in good conscience to Lincoln under the terms of the LTD Plan.

35. Upon information and belief, the entire amount of the $26,617.00 Overpayment Balance is in Humber's possession.

36. Upon information and belief, the entire amount of the $26,617.00 Overpayment Balance is possessed by Humber in a bank account, other investment, or separate fund under Humber's control.

37. Lincoln is entitled to have an equitable lien or constructive trust imposed on that portion of the Social Security award equaling the amount of the Overpayment Balance of $26,617.00 pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT THREE
### ***Claim for Equitable Restitution/Unjust Enrichment***

38. Humber was not entitled to retain the Overpayment of benefits paid to her by Lincoln once Humber received the retroactive award of SSD benefits creating the Overpayment.

39. Humber has no lawful claim to the Overpayment received by her because she was not entitled to retain it under the terms of the LTD Policy or the Reimbursement Agreement.

40. Humber has failed to reimburse Lincoln for the full Overpayment.

41. Humber's retention of the Overpayment violates established principles of fairness and equity.

42. By reason of the Overpayment, and as a result of Humber's failure to reimburse Lincoln for the benefits overpaid to her, Humber has been unjustly enriched in the amount of at least $26,617.00.

43. Lincoln is entitled to recover the Overpayment Balance in the amount of at least $26,617.00 under the doctrine of equitable restitution/unjust enrichment, pursuant to 29 U.S.C. § 1132(a)(3) and/or the federal common law of ERISA.

## COUNT FOUR
## *Claim for Attorney's Fees*

44. By reason of Humber's failure to reimburse Lincoln for the Overpayment, Humber is liable to Lincoln for reasonable attorney's fees and costs of this Counterclaim pursuant to 29 U.S.C. § 1132(g)(1) and the Reimbursement Agreement.

## PRAYER FOR RELIEF

WHEREFORE, on its Counterclaim, Lincoln asks that:

(a) this Court grant judgment in favor of Lincoln on its claim for enforcement of the LTD Policy and the Reimbursement Agreements;

(b) this Court impose an equitable lien or constructive trust on that portion of the Social Security award equaling the amount of the Overpayment;

(c) this Court grant judgment in favor of Lincoln on its claim for equitable restitution/unjust enrichment;

(d) this Court grant Lincoln its attorney's fees and costs for the Counterclaim pursuant to 29 U.S.C. § 1132(g); and

(e) this Court grant such other relief as this Court deems just and appropriate.

Respectfully submitted,

s/ *Iwana Rademaekers*
Iwana Rademaekers
(Admitted *Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

AND

s/ *Matthew W. Robinett*
MATTHEW W. ROBINETT
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643

Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

ATTORNEYS FOR
DEFENDANT/COUNTER CLAIMANT

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 13th day of January 2022, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

Amanda Stansberry-Johns (ASB-7793-M64S)
Email: amanda@stansberrylaw.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers