FILED
2022 Jan-26 AM 09:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CASSAUNDRA HUMBER,** | ) | |
| | ) | |
| **Plaintiff/Counter Defendant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 2:21-CV-1420-AMM** |
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant/Counter Claimant.** | ) | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIM**

Comes now the Plaintiff Cassaundra Humber ("Humber"), and hereby files her Answer to Lincoln National Life Insurance Company's ("Lincoln") Amended Counterclaim. Unless expressly admitted herein, Plaintiff/Counter Defendant denies the material allegations of the Amended Counterclaim and demands strict proof thereof. Humber responds to the individually numbered allegations in the Amended Counterclaim as follows:

**JURISDICTION**

1. In response to the allegations in paragraph 1 of Defendant/Counter Claimant's Amended Counterclaim, Humber admits Lincoln is a corporation organized and existing under the laws of the State of Indiana.

2. In response to the allegations in paragraph 2 of Defendant/Counter Claimant's Amended Counterclaim, Humber admits the action arises under the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 1001, et seq., as this matter arises from an ERISA regulated welfare plan. Humber admits this matter raises a federal question, and this Court has jurisdiction over the parties and subject matter of this matter pursuant to 28 U.S.C § 1331 and 28 U.S.C § 1367.

3. In response to the allegations in paragraph 3 of Defendant/Counter Claimant's Amended Counterclaim, Humber admits the Counterclaim arises from the same transactions at issue in Humber's Complaint in this action which is brought pursuant to ERISA. Humber admits the court has jurisdiction over the Amended Counterclaim pursuant to 28 U.S.C. § 1367.

## VENUE

4. In response to the allegation in paragraph 4, Humber admits that she has consented to jurisdiction in the North District of Alabama, Southern Division and thus may be found there for the purposes of ERISA's venue provision, 29 U.S.C. § 1132(e)(2).

## FACTS

### A. The LTD Policy

5. Regarding the allegations contained in paragraph 5, Humber admits she was a participant in the LTD Plan sponsored by Toyota to provide long term disability benefits to its employees. Humber denies all remaining allegations contained in paragraph 5.

6. Regarding the allegations of paragraph 6, upon information and belief, admitted as to Lincoln being the claims administrator of the claims under the LTD Plan and responsible for determining whether Humber's claim for LTD benefits should be paid and that Lincoln is a fiduciary to the LTD plan and the proper party in interest to bring the counterclaim. Humber denies all remaining allegations contained in paragraph 6.

7. In response to the allegations of paragraph 7 of Defendant/Counter Claimant's Amended Counterclaim, Humber states that the policy speaks for itself. Humber denies the remaining allegations of this paragraph and demands strict proof thereof.

8. In response to the allegations of paragraph 8 of Defendant/Counter Claimant's Amended Counterclaim, Humber states that the policy speaks for itself. Humber denies the remaining allegations of this paragraph and demands strict proof thereof.

9. There is no paragraph 9 in Defendant/Counter Claimant's Amended Counterclaim.

B. **<u>Overpayment Due to Social Security Award</u>**

10. In response to the allegations of paragraph 10, Humber admits receiving disability benefits from Lincoln under the LTD Policy effective October 10, 2016. Humber denies the remaining allegations of this paragraph and demands strict proof thereof.

11. In response to the allegations of paragraph 11, Humber admits to applying for Social Security Disability benefits as required by Lincoln. Humber denies the remaining allegations of this paragraph and demands strict proof thereof.

12. In response to the allegations of paragraph 12 of Defendant/Counter Claimant's Amended Counterclaim, Humber states that the documents speak for themselves. Humber denies the remaining allegations of this paragraph and demands strict proof thereof.

13. In response to the allegations of paragraph 13 of Defendant/Counter Claimant's Amended Counterclaim, Humber admits that her LTD benefits were unreduced while her Social Security Disability application was pending. Humber denies the remaining allegations of this paragraph and demands strict proof thereof.

14. In response to the allegations of paragraph 14 of Defendant/Counter Claimant's Amended Counterclaim, Humber denies that she received unreduced, full disability benefits under the LTD policy from October 10, 2016 through March 27, 2020 as Lincoln reduced Humber's LTD benefit by $500 per month and applied

that amount to the alleged overpayment. Humber denies the remaining allegations of this paragraph and demands strict proof thereof.

15. In response to the allegations of paragraph 15, Humber denies the overpayment amounts claimed by Lincoln as Lincoln withheld a portion of her monthly LTD benefits to apply to the alleged overpayment. Humber denies the remaining allegations of this paragraph and demands strict proof thereof.

16. In response to the allegations of paragraph 16, Humber denies that she is obligated to repay Lincoln. Any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

17. In response to the allegations of paragraph 17, Humber refers to the alleged agreement and the administrative record itself as the best evidence of its contents. Humber denies all remaining allegations of this paragraph and demands strict proof thereof.

18. In response to the allegations of paragraph 18, Humber refers to the repayment arrangement and the administrative record itself as the best evidence of its contents. Humber denies all remaining allegations of this paragraph and demands strict proof thereof.

19. In response to the allegations of paragraph 19, Humber refers to the repayment arrangement and the administrative record itself as the best evidence of its contents. Humber denies that she is obligated to repay Lincoln. Any amounts

allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied. Humber denies all remaining allegations of this paragraph and demands strict proof thereof.

20. In response to the allegations of paragraph 20, Humber denies that she is obligated to repay Lincoln. Any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied. Humber denies all remaining allegations of this paragraph and demands strict proof thereof.

21. In response to the allegations of paragraph 21, Humber admits that she filed a lawsuit in this Court against Lincoln for unpaid benefits after March 27, 2020. Humber denies all remaining allegations of this paragraph and demands strict proof thereof.

22. In response to the allegations of paragraph 22, Humber denies that she is obligated to repay Lincoln. Any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied. Humber denies all remaining allegations of this paragraph and demands strict proof thereof.

23. In response to the allegations of paragraph 22, Humber denies all allegations of this paragraph and demands strict proof thereof.

## CAUSES OF ACTION

## COUNT ONE

***Claim for Enforcement of Plan Provisions and Reimbursement Agreement***

**COUNTERCLAIM ¶ 24**: In response to the allegations contained in the Complaint, Lincoln asserts Humber is bound by the terms of the LTD Policy which were in effect at all times material to this action and the Social Security/Reimbursement Agreements (Exhibit A hereto) she signed on August 24, 2017 (Lincoln/Humber 1581), October 12, 2018 (Lincoln/Humber 1245) and on January 30, 2020 (Lincoln/Humber 0654).

**ANSWER:** The terms of the plan speak for themselves. Plaintiff/Counter Defendant specifically denies Defendant's interpretation of the Plan and that Ms. Humber has wrongfully and unjustly retained an overpayment. Plaintiff/Counter Defendant further denies that Lincoln is entitled to recovery of any alleged overpayment as any amounts allegedly owed are more than offset by past and future benefits Defendant improperly denied.

**COUNTERCLAIM ¶ 25:** Under the terms of the LTD Policy and the Reimbursement Agreements, Humber is not entitled to retain the Overpayment that she received.

**ANSWER:** Denied. Any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

**COUNTERCLAIM ¶ 26:** At all times material to this action, Humber was aware that Lincoln intended to pursue its rights to recover the Overpayment and

Humber signed the Reimbursement Agreements, thus acknowledging Lincoln's rights.

**ANSWER:** Plaintiff/Counter Defendant denies each and every allegation of this paragraph as any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

**COUNTERCLAIM ¶ 27:** Humber has failed to reimburse Lincoln for the entire Overpayment Balance.

**ANSWER:** Plaintiff/Counter Defendant denies each and every allegation of this paragraph as any amounts allegedly owed are more than offset by past and future benefits Defendant improperly denied.

**COUNTERCLAIM ¶ 28:** As a result of Humber's failure to reimburse Lincoln for the monies paid, Humber is indebted to Lincoln in the amount of at least $26,617.00 and Lincoln has been forced to expend further sums to bring this action.

**ANSWER:** Plaintiff/Counter Defendant denies each and every allegation of this paragraph as any amounts allegedly owed are more than offset by past and future benefits Defendant improperly denied.

**COUNTERCLAIM ¶ 29:** Lincoln is entitled to reimbursement from Humber for the benefits that were overpaid under the LTD Policy in the amount of at least $26,617.00.

**ANSWER:** Denied. Any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

**COUNT TWO**

***Claim for Equitable Lien or Constructive Trust***

**COUNTERCLAIM ¶ 30:** The LTD Policy, including but not limited to the Right of Recovery provision, and the Reimbursement Agreement identify a particular fund, which is distinct from Humber's general assets, against which Lincoln has a lien and from which Lincoln may recover the Overpayment.

**ANSWER:** The terms of the plan speak for themselves. Plaintiff/Counter Defendant specifically denies Defendant's interpretation of the Plan and that Ms. Humber has wrongfully and unjustly retained an overpayment. Plaintiff/Counter Defendant further denies that Lincoln is entitled to recovery of any alleged overpayment as any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

**COUNTERCLAIM ¶ 31:** When Humber received SSD benefits resulting in the Overpayment, that portion of the Social Security award was the subject of an equitable lien by agreement and the terms of the LTD policy. Humber acknowledged Lincoln's right to recovery of the Overpayment by signing the Reimbursement Agreements and thereafter accepting unreduced LTD benefits from Lincoln.

**ANSWER:** The terms of the plan speak for themselves. Plaintiff/Counter Defendant specifically denies Defendant's interpretation of the Plan and that Ms. Humber has wrongfully and unjustly retained an overpayment. Plaintiff/Counter Defendant further denies that Lincoln is entitled to recovery of any alleged overpayment as any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

**COUNTERCLAIM ¶ 32:** Despite the obligation imposed by the LTD Policy and the Reimbursement Agreements, Humber has not reimbursed Lincoln for the full amount of the Overpayment.

**ANSWER:** Plaintiff/Counter Defendant denies each and every allegation of this paragraph as any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

**COUNTERCLAIM ¶ 33:** Humber's retention of the Overpayment violates established principles of fairness and equity.

**ANSWER:** Plaintiff/Counter Defendant denies each and every allegation of this paragraph as any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

**COUNTERCLAIM ¶ 34:** The entire amount of the Overpayment Balance is money belonging in good conscience to Lincoln under the terms of the LTD Plan.

**ANSWER:** The terms of the plan speak for themselves. Plaintiff/Counter Defendant specifically denies Defendant's interpretation of the Plan and that Ms. Humber has wrongfully and unjustly retained an overpayment. Plaintiff/Counter Defendant further denies that Lincoln is entitled to recovery of any alleged overpayment as any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

**COUNTERCLAIM ¶ 35:** Upon information and belief, the entire amount of the $26,617.00 Overpayment Balance is in Humber's possession.

**ANSWER:** Denied.

**COUNTERCLAIM ¶ 36:** Upon information and belief, the entire amount of the $26,617.00 Overpayment Balance is possessed by Humber in a bank account, other investment or separate fund under Humber's control.

**ANSWER:** Denied.

**COUNTERCLAIM ¶ 37:** Lincoln is entitled to have an equitable lien or constructive trust imposed on that portion of the Social Security award equaling the amount of the Overpayment Balance of $26,617.00 pursuant to ERISA § 502(a)(3), 29 U.S.C § 1132(a)(3).

**ANSWER:** Plaintiff/Counter Defendant denies each and every allegation of this paragraph as any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

## COUNT THREE

***Claim for Equitable Restitution/Unjust Enrichment***

**COUNTERCLAIM ¶ 38:** Humber was not entitled to retain the Overpayment of benefits paid to her by Lincoln once Humber received the retroactive award of SSD benefits creating the Overpayment.

**ANSWER:** Denied. Any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

**COUNTERCLAIM ¶ 39:** Humber has no lawful claim to the Overpayment received by her because she was not entitled to retain it under the terms of the LTD Policy or the Reimbursement Agreement.

**ANSWER:** The terms of the documents speak for themselves. Plaintiff/Counter Defendant specifically denies Defendant's interpretation of the Plan and Reimbursement Agreement and that Ms. Humber has wrongfully and unjustly retained an overpayment. Plaintiff/Counter Defendant further denies that Lincoln is entitled to recovery of any alleged overpayment as any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

**COUNTERCLAIM ¶ 40:** Humber has failed to reimburse Lincoln the full Overpayment.

**ANSWER:** Denied. Any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

**COUNTERCLAIM ¶ 41:** Humber's retention of the Overpayment violates established principles of fairness and equity.

**ANSWER:** Denied. Any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

**COUNTERCLAIM ¶ 42:** By reason of the Overpayment, and as a result of Humber's failure to reimburse Lincoln for the benefits overpaid to her, Humber has been unjustly enriched in the amount of at least $26,617.00.

**ANSWER:** Plaintiff/Counter Defendant denies each and every allegation of this paragraph as any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

**COUNTERCLAIM ¶ 43:** Lincoln is entitled to recover the Overpayment Balance in the amount of at least $26,617.00 under the doctrine of equitable restitution/unjust enrichment, pursuant to 29 U.S.C. § 1132(a)(3) and/or the federal common law of ERISA.

**ANSWER:** Plaintiff/Counter Defendant denies each and every allegation of this paragraph as any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied.

## COUNT FOUR

## ***Claim for Attorney's Fees***

**COUNTERCLAIM ¶ 44:** By reason of Humber's failure to reimburse Lincoln for the Overpayment, Humber is liable to Lincoln for reasonable attorney's fees and costs of this Counterclaim pursuant to 29 U.S.C. § 1132(g)(1) and the Reimbursement Agreement.

**ANSWER:** Plaintiff/Counter Defendant denies each and every allegation of this paragraph as any amounts allegedly owed are more than offset by past and future benefits Defendant/Counter Plaintiff improperly denied and Defendant is not entitled to attorney's fees and costs.

**COUNTERCLAIM ¶ 45:** WHEREFORE, on its Counterclaim, Lincoln asks that:

(a) this Court grant judgment in favor of Lincoln on its claim for enforcement of the LTD Policy and the Reimbursement Agreements;

(b) this Court impose an equitable lien or constructive trust on that portion of the Social Security award equaling the amount of the Overpayment;

(c) this Court grant judgment in favor of Lincoln on its claim for equitable restitution/unjust enrichment;

(d) this Court grant Lincoln its attorney's fees and costs for the Counterclaim pursuant to 29 U.S.C. § 1132(g); and

(e) this Court grant such other relief as this Court deems just and appropriate.

**ANSWER:** Plaintiff/Counter Defendant prays that Defendant/Counter Plaintiff take nothing by its Counterclaim.

## ADDITIONAL DEFENSES

Comes now Plaintiff/Counter Defendant, by counsel, and for Additional Defenses to Defendant's Counterclaim, alleges and states as follows:

1. Defendant's Counterclaim, in whole or in part, fails to state a claim upon which relief may be granted.

2. It would be inequitable and unfair to allow Lincoln to improperly deny benefits and then seek repayment for an alleged overpayment.

3. Any amounts allegedly owed for an overpayment have been offset by improperly denied benefits.

4. Plaintiff/Counter Defendant pleads laches, estoppel, and accord and satisfaction.

5. Lincoln should be required to consider the underlying findings of the Social Security Administration when an offset due to a favorable Social Security award is claimed.

6. The Court should reform the Plan to require Lincoln to consider and give great weight to Plaintiff's Social Security evidence.

7. Plaintiff is entitled to remand to the Plan administrator for consideration of the Social Security evidence.

8. Defendant is guilty of unclean hands.

Respectfully Submitted,

_/s/ *Amanda Stansberry*_________________

Amanda Stansberry
STANSBERRY LAW, LLC
3535 Grandview Parkway, Suite 310
Birmingham, AL 35243
Phone: 205-383-7996
Fax: 833-583-4359
amanda@stansberrylaw.com

*Counsel for Plaintiff Cassaundra Humber*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 26th day of January 2022, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

Iwana Rademaekers
Law Office of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75252
iwana@rademakerslaw.com

Matthew W. Robinett
Norman, Wood, Kendrick & Turner
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
mrobinett@nwkt.com

_*/s/ Amanda Stansberry*_________________
Amanda Stansberry